CLOSED

# U.S. District Court [LIVE]
## Northern District of New York [LIVE] (Prisoner)
### CIVIL DOCKET FOR CASE #: 9:01-cv-00255-NAM-GLS
#### Internal Use Only

Murray v. Warden, FCI RayBrook
Assigned to: Judge Norman A. Mordue
Referred to: Magistrate Judge Gary L. Sharpe
Demand: $0
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 02/20/01
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**04-10064JLT**

**Petitioner**

**Michael F. Murray**

represented by **Cheryl J. Sturm**
Office of Cheryl J. Sturm
387 Ring Road
Chadds Ford, PA 19317
484-771-2000
Fax : Fax: 484-771-2008
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

U.S.D.C. FOR THE NORTHERN DISTRICT OF NEW YORK
I, the undersigned Clerk of the Court, do hereby certify that this is a true, correct and full copy of the original document on file in my custody
# of pages (text) ___ # of pages including (exhibits) ___
Dated _____ Lawrence K. Baerman, Clerk
by _____, Deputy Clerk.

V.

**Respondent**

**Warden, FCI RayBrook**

represented by **Charles E. Roberts**
Office of the United States Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198
315-448-0672
Fax : Fax 315-448-0646
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 02/20/2001 | 1 | PETITION for writ of habeas corpus by Michael F. Murray ; FILING |

| | | |
|---|---|---|
| | | FEE $ 5.00 RECEIPT # 52259 (fce) (Entered: 02/20/2001) |
| 02/20/2001 | 2 | MEMORANDUM by Michael F. Murray in support of [1-1] petition (fce) (Entered: 02/20/2001) |
| 02/20/2001 | | File transferred from Syracuse/Clerk's Office to Syracuse/Pro Se. (fce) (Entered: 02/20/2001) |
| 02/28/2001 | | File transferred from Syracuse/Peggy Conan to Syracuse/Judge Sharpe. (rjb) (Entered: 02/28/2001) |
| 03/01/2001 | 3 | ORDER directing response to the petition, response due 60 days from date of service. ( Signed by Magistrate Judge Gary L. Sharpe ) (Order and Petition Served by Certified Mail) (rjb) (Entered: 03/01/2001) |
| 03/06/2001 | 4 | Return Receipt Received from U.S. Attorney, Service Date: 3/2/01 re: [3-1] order, [1-1] petition (sal) (Entered: 03/06/2001) |
| 04/20/2001 | 5 | REQUEST by Atty. Roberts and ORDER, Reset Answer deadline to 6/11/01 for Warden, FCI RayBrook ( signed by Magistrate Judge Gary L. Sharpe ) (fce) (Entered: 04/23/2001) |
| 04/23/2001 | | **Added for Warden, FCI RayBrook attorney Charles E. Roberts (fce) (Entered: 04/23/2001) |
| 05/07/2001 | 6 | DOCUMENT REJECTION ORDER; Re: All documents submitted in relation to this action shall be submitted through Plaintiff's counsel. ( signed by Magistrate Judge Gustave J. DiBianco ) Date Entered: 5/7/01 (fce) (Entered: 05/07/2001) |
| 06/13/2001 | 7 | REQUEST by Atty. Pavone and ORDER, Reset Answer deadline to 6/25/01 for Warden, FCI RayBrook ( signed by Magistrate Judge Gary L. Sharpe ) (fce) (Entered: 06/13/2001) |
| 06/22/2001 | 8 | MOTION by Warden, FCI RayBrook to Dismiss the petition , Hearing set for 7/19/01 , Response Deadline 7/5/01 Motion returnable before Judge/Mag. Judge: Sharpe (fce) (Entered: 06/22/2001) |
| 06/22/2001 | 9 | DECLARATION of Atty. Charles E. Roberts Re: in support of [8-1] motion to Dismiss the petition (fce) (Entered: 06/22/2001) |
| 06/22/2001 | 10 | MEMORANDUM by Atty. Roberts w/attached Apprendi Summary in support of [8-1] motion to Dismiss the petition (fce) (Entered: 06/22/2001) |
| 06/22/2001 | | Motion(s) referred: [8-1] motion to Dismiss the petition referred to Magistrate Judge Gary L. Sharpe (fce) (Entered: 06/22/2001) |

| | | |
|---|---|---|
| 06/28/2001 | 11 | RESPONSE by Michael F. Murray in opposition to [8-1] motion to Dismiss the petition (fce) (Entered: 06/29/2001) |
| 06/29/2001 | | *Docketed No. 11 as response to motion to dismiss at the direction of chambers. Document is labled as a Traverse and motion to strike * (fce) (Entered: 06/29/2001) |
| 07/31/2001 | 12 | REPLY by Warden, FCI RayBrook to response to [8-1] motion to Dismiss the petition (fce) (Entered: 08/09/2001) |
| 10/11/2001 | 13 | Updated and revised Apprendi Summary submitted from U.S. Attorney Charles E. Roberts. (fce) (Entered: 10/11/2001) |
| 12/04/2001 | | **As of 12/4/01, dispositive motion is awaiting R-R. (cbm) (Entered: 12/04/2001) |
| 12/05/2001 | 14 | REQUEST by AUSA Charles Roberts for permission to file supplemental papers and ORDER DENYING this request. ( signed by CDB as directed by Magistrate Judge Gary L. Sharpe ) (fce) (Entered: 12/05/2001) |
| 12/06/2001 | 15 | RESPONSE by Michael F. Murray (Atty. Cheryl J. Sturm) in opposition to [14-1] Request and order (fce) (Entered: 12/06/2001) |
| 06/20/2002 | | **As of 6/20/02, dispositive motion is awaiting R-R. (cbm) (Entered: 06/20/2002) |
| 09/27/2002 | 16 | ORDER, of Document Rejection , Petitioner's "Bail Motion' is returned as an affidavit in support of petitioner's motion pursuant to Rule 7.1(a); The petitioner's attorney Cheryl J. Sturm, signed the affidavit of service and not the Bail Motion pursuant to Rule 11 of the F.R.C.P., wherein it stipulates that every pleading, written motion, and other paper shall be signed by at least one attorney of record, or, if the party is not represented by an attorney, shall be signed by the party. ( signed by Magistrate Judge Gustave J. DiBianco Date Entered: 9/27/02 (ljr) (Entered: 09/27/2002) |
| 10/07/2002 | 17 | MOTION by Cheryl J. Sturm, Esq. on behalf of Michael F. Murray For Release on Bail , Motion on Submit set for 11/13/02 , Response Deadline 10/30/02 Motion returnable before Mag. Judge: David E. Peebles (ljr) (Entered: 10/08/2002) |
| 10/08/2002 | 18 | CLERK'S NOTICE of Return Date Set; Because the petitioner has not indicated a specific return date for your motion, the Court has set the return date of 11/13/02 and the response date of 10/30/02. (ljr) (Entered: 10/08/2002) |
| 10/25/2002 | 19 | RESPONSE by Warden, FCI RayBrook to [17-1] motion For Release |

| | | |
|---|---|---|
| | | on Bail (fce) (Entered: 10/25/2002) |
| 12/05/2002 | 20 | ORDER that on or before 1/17/03, both petitioner and petitioner's Atty., Cheryl J. Sturm shall file an affidavit w/the Court as directed in this Order; ORDER that the government shall file on or before 2/17/03 a copy of the underlying record related to all post-trial motions filed by Murray on or after 8/28/1996 in Massachusetts. ORDER DENYING [17-1] motion For Release on Bail and DENYING [11-1] request to strike governments motion to dismiss; It is RECOMMENDED, ALTERNATIVELY that the District Court treat Murray's 2241 petition as a first petition, should convert it to a 2255 and transfer to the District of Massachusetts, or, treat Murray's 2241 petition as a 2255, and GRANT the governments motion to dismiss. (signed by Magistrate Judge Gary L. Sharpe) (fce) (Entered: 12/06/2002) |
| 12/05/2002 | 20 | REPORT AND RECOMMENDATIONS of Magistrate Judge Gary L. Sharpe Service Date: 12/5/02 Re: [8-1] motion to Dismiss the petition; it is RECOMMENDED that the District Court treat Murray's petition as a 2255 and either transfer it to the District of Massachusetts, or, treat his 2241 petition as a 2255 and GRANT governments motion to dismiss. (Objection to R and R due by 12/25/02 for Warden, FCI RayBrook, for Michael F. Murray ) ; Motion(s) no longer referred (fce) (Entered: 12/06/2002) |
| 12/06/2002 | | Motion(s) no longer referred: [8-1] motion to Dismiss the petition (fce) (Entered: 12/06/2002) |
| 12/06/2002 | | **Remove motref flag - no more motions referred (fce) (Entered: 12/06/2002) |
| 12/19/2002 | 21 | REQUEST by AUSA Roberts for an extension of time to file objections to the report rec. and ORDER, Objections reset to 1/10/03 for [20-1] report and recommendations (signed by cdb as directed by Judge Norman A. Mordue) (fce) Modified on 01/06/2003 (Entered: 12/19/2002) |
| 12/19/2002 | 22 | REQUEST by Cheryl j. Sturm for an extension of time to file objections to the report rec. and ORDER, Objections reset to 1/10/03 for [20-1] report and recommendations (signed by Judge Norman A. Mordue) (fce) Modified on 01/21/2003 (Entered: 12/19/2002) |
| 01/10/2003 | 23 | DECLARATION AND RESPONSE by Cheryl J. Strom as per this Courts [20-1] order, and OBJECTIONS submitted by Cheryl J. Strom on behalf of Michael F. Murray to [20-1] report and recommendations (nas) Modified on 01/21/2003 (Entered: 01/10/2003) |
| 01/10/2003 | 24 | OBJECTIONS by Warden, FCI RayBrook to [20-1] report and recommendations (nas) (Entered: 01/10/2003) |

| | | |
|---|---|---|
| 01/13/2003 | | File transferred from Syracuse/Clerk's Office to Syracuse/Judge Mordue. (fce) (Entered: 01/13/2003) |
| 01/16/2003 | 25 | Letter by AUSA dd. 1/15/03 w/attached unpublished decision which was referenced in objections to the R/R but inadvertently omitted. (fce) (Entered: 01/16/2003) |
| 01/31/2003 | | **R-R was filed 12/5/02. (cbm) (Entered: 01/31/2003) |
| 02/12/2003 | 26 | Documents provided by Charles Roberts, Assistant U.S. Attorney, in response to this Court's Report-Recommendation of Judge Sharpe filed on 12/5/02 which set forth that the government provide the Court with copies of records relating to "all-post-trial motions for collateral relief filed by Murray". (dd 2/12/03) (nas) Modified on 02/12/2003 (Entered: 02/12/2003) |
| 02/14/2003 | 27 | REQUEST by Charles E. Roberts, Assistant U.S. Attorney and ORDER GRANTING an extension of time to file additional documentation pursuant to Judge Sharpe's Order of 12/5/02 until 3/3/03. ( signed by Magistrate Judge Gary L. Sharpe ) (nas) (Entered: 02/14/2003) |
| 05/06/2003 | 30 | Letter from AUSA Roberts dd. 5/5/03 w/attached copy of Court of Appeals decision. re: whether a motion to dismiss is appropriate response to a habeas petition. (fce) (Entered: 08/01/2003) |
| 05/28/2003 | 28 | ORDER rejecting Mr. Murray's papers concerning his habeas corpus action because his attorney, Cheryl Sturm, has appeared for him in this action. Once an attorney has appeared, ALL COMMUNICATIONS MUST GO THROUGH THE ATTORNEY OF RECORD. He cannot file papers on instant proceedings on his own when he is represented by an attorney. ( signed by Magistrate Judge Gary L. Sharpe ) Date Entered: 5/28/03 (nas) (Entered: 05/28/2003) |
| 07/01/2003 | 31 | Letter of AUSA Robert dd. 7/1/03 w/attached copy of decision of the Second Circuit. re: motion to dismiss a habeas petition. (fce) (Entered: 08/01/2003) |
| 07/14/2003 | 32 | MOTION by Michael F. Murray for release on bail pending outcome of 2241 petition , Hearing set for <date not set> , Response Deadline <date not set> Motion returnable before Judge/Mag. Judge: Mordue (fce) (Entered: 08/01/2003) |
| 07/23/2003 | 29 | NOTICE of Cheryl J. Sturm, attorney for plaintiff, ddl. 7/18/03 advising the Court of her new address. (fce) (Entered: 07/23/2003) |

| 08/01/2003 | 33 | RESPONSE by Warden, FCI RayBrook to [32-1] motion for release on bail pending outcome of 2241 petition (fce) (Entered: 08/01/2003) |
|---|---|---|
| 09/29/2003 | 34 | ORDER, for Sanctions against Michael Murray in the amount of $50.00 , Notice of Compliance deadline 11/28/03 for petitioner to pay such sanctions to the Clerk of the Court . If petitioner fails to pay such sanctions, the Clerk of the Court is hereby directed to file a copy of this order and a notice of delinquency with the Financial Litigation Unit of the U.S. Atty's Office, ND/NY, who shall take such enforcement action as is appropriate. Atty. Sturm is directed to serve a copy of this Order upon petitioner and file a certificate of service with the Clerk. ( signed by Magistrate Judge Gary L. Sharpe ) Date Entered: 9/29/03 (rjb) Modified on 09/29/2003 (Entered: 09/29/2003) |
| 10/06/2003 | 35 | CERTIFICATE OF SERVICE of Cherly J. Sturm dd. 10/1/03 filed as per the Courts [34-1] Order. (fce) (Entered: 10/06/2003) |
| 10/23/2003 | 36 | DOCUMENT REJECTION ORDER as to Murray; papers not served upon opposition; papers must be filed through attorney of record. (signed by Magistrate Judge Gary L. Sharpe) Date Entered: 10/23/03 (fce) (Entered: 10/23/2003) |
| 10/29/2003 | | **Terminated document** Motion for bail was addressed by [34-1] Order. (fce) (Entered: 10/29/2003) |
| 11/04/2003 | | **Reopen [32-1] motion for release on bail pending outcome of 2241 petition** Motion termed in error. (fce) (Entered: 11/04/2003) |
| 11/10/2003 | 37 | DOCUMENT REJECTION ORDER as to Murray; until such time as C. Sturm files a motion to withdraw as your atty. the court still cannot recognize you as a pro se petition; therefore, you may not filed documents on your own behalf. (signed by Magistrate Judge Gary L. Sharpe) Date Entered: 11/10/03 (fce) (Entered: 11/10/2003) |
| 11/13/2003 | 38 | MOTION by Michael F. Murray ( attorney Cheryl J. Sturm) to Withdraw as atty. for defendant. Motion returnable before Judge/Mag. Judge: Sharpe (fce) (Entered: 11/14/2003) |
| 11/13/2003 | 39 | CERTIFICATE OF SERVICE by Michael F. Murray (atty. Cheryl. J. Sturm) of the motion to withdraw as counsel upon opposition. (fce) (Entered: 11/14/2003) |
| 12/23/2003 | 40 | ORDER adopting in part and rejecting in part the [20] Report and Recommendations. TRANSFERRING CASE to District of Massachusetts, Motions terminated.. Signed by Judge Norman A. Mordue on 12/23/03. (rjb, ) (Entered: 12/24/2003) |

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LAWRENCE K. BAERMAN
CLERK

100 S. CLINTON STREET
P.O. BOX 7367
SYRACUSE, NEW YORK 13261-7367
(315) 448-0507

2004 JAN 12 A 11: 54

U.S. DISTRICT COURT
DISTRICT OF MASS

December 29, 2003

Tony Anastas
Clerk, U.S. District Court
2300 United States Courthouse
One Courthouse Way
Boston, MA 02210-3002

Re: Murray v. Warden, F.C.I. Ray Brook 9:01-CV-255 NAM/GLS

Dear Clerk:

In accordance with the order transferring this case to your district, we are enclosing the following:

1. Certified copy of docket entries

2. Certified copy of transfer order

3. Original filed documents

Please acknowledge receipt of the above on the copy of this letter along with the new case number and return to this office. Thank you.

Very truly yours,

LAWRENCE K. BAERMAN

DATE RECEIVED    /    /2004
by:_____

by: _____
Leslie J. Ricker
Deputy Clerk

New Case #
Encls

04-10064JLT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
MICHAEL F. MURRAY,

                         Petitioner,

    -V-                                                9:01-CV-255

WARDEN, FCI RAYBROOK,

                         Respondent.
--------------------------------------------------------

APPEARANCES:                            OF COUNSEL:

CHERYL J. STURM, ESQ.
*Attorney for the Petitioner*
408 Ring Road
Chadds Ford, Pennsylvania 19317

GLENN T. SUDDABY                  CHARLES E. ROBERTS, Esq.
United States Attorney                  Assistant United States Attorney
Northern District of New York
*Attorney for Respondent*
100 S. Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198

**HON. NORMAN A. MORDUE, District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.    **INTRODUCTION**

    Petitioner, an inmate of Ray Brook Federal Correctional Institution brought this *habeas corpus* proceeding under 28 U.S.C. § 2241 based upon his conviction in the District of Massachusetts for drug-related charges. He alleges that his sentence, which was based on the district court's adoption of a pre-sentence report computation attributing between 3,000 and 10,000 kilograms of marijuana to petitioner, contravenes *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He filed the petition in the Northern District of New York, the place of his

incarceration. Respondent moves to dismiss the petition on the ground that this court lacks jurisdiction to entertain the petition. To wit, respondent contends that the petition is in actuality a motion under 28 U.S.C. § 2255 that petitioner was required to bring in the District of Massachusetts, the court which sentenced him. Respondent also argues that the *habeas corpus* petition is untimely, that petitioner's claims are barred based upon procedural default, and that the petition is subject to dismissal on the merits since *Apprendi* has been found to not apply retroactively in collateral proceedings. Petitioner cross-moved to strike respondent's dismissal motion as a pleading unrecognized in *habeas* cases.

The petition was referred to United States Magistrate Judge Gary L. Sharpe for a Report-Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.4. Magistrate Judge Sharpe's Report-Recommendation concludes that the petition challenges the conviction and resulting sentence – not the execution of that sentence or the conditions of confinement – and is therefore actually a § 2255 motion. The Magistrate Judge found the instant petition constitutes a first § 2255 filing by petitioner, thus rendering appellate court permission unnecessary.[1] By its terms, a section 2255 motion must be made to the court which imposed the sentence, that is, to the District of Massachusetts. Magistrate Judge Sharpe recommends alternatively that the petition be transferred to the District of Massachusetts or dismissed based on both its untimeliness and its deficiency on the merits.

---

[1]
28 U.S.C. § 2255 provides in part:
    A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2244 sets forth the certification procedure.

Both petitioner and respondent have interposed objections. As a further matter, since the date that the Report-Recommendation and objections thereto were filed, petitioner has discharged his attorney and elected to proceed *pro se*. Currently pending before the Court in addition to original habeas petition is a motion by plaintiff's attorney to withdraw as counsel of record and a motion for bail prepared and filed by plaintiff *pro se*.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts a *de novo* review of those parts of a magistrate judge's report-recommendation to which a party specifically objects. Failure to object to any portion of a magistrate's report-recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

## DISCUSSION

As referenced above, in his Report-Recommendation, Magistrate Judge Sharpe addresses whether the Court should transfer the petition to the District of Massachusetts or grant the government's motion to dismiss on the basis that even if the petition was timely and the Court had jurisdiction to consider it, *Apprendi* is not retroactive and thus provides no basis on which to grant petitioner's application for release.

Although petitioner denied having filed a previous application for *habeas corpus* relief, it is clear from review of the procedural history in this case as outlined by Judge Sharpe in his comprehensive Report-Recommendation and in the subsequent decision he rendered in this matter concerning sanctions, that the present application is one of several petitions for post-trial relief filed by petitioner since his 1994 conviction. Petitioner labels the present petition as one under section 2241. If, as respondent urges, the present application is in actuality a section 2255 motion, it should have been filed in the court of petitioner's conviction, not here. The Second Circuit explains the distinction between the two

types of applications as follows:

> A motion pursuant to § 2241 generally challenges the <u>execution</u> of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. In contrast, § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(1).

*Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (citations omitted, emphasis in original).

Petitioner's assertion that his sentence was rendered in contravention of *Apprendi* plainly constitutes a claim that "the sentence was imposed in violation of the Constitution of laws of the United States" and thus should have been brought under section 2255, not section 2241. Thus, it is in essence a second application under section 2255 and is prohibited absent circuit court certification unless petitioner can show he is entitled to benefit from the "savings clause" found in that section. The savings clause reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

(Emphasis added.) In *Triestman v. United States*, 124 F.3d 361, 377-78 (2d Cir. 1997), the Second Circuit held that a prisoner may benefit from the savings clause in cases in which he "cannot, for whatever reason, utilize § 2255, <u>and</u> in which the failure to allow for collateral review would raise serious constitutional questions" (emphasis added). Thus, the existence of a substantive or procedural barrier to section 2255 relief, without more, does not satisfy the requirement of a showing that section 2255 relief is "inadequate or ineffective." *See id.* at

376. More particularly, "§ 2255 is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion." *Jiminian*, 245 F.3d 144, 147-48 (*compare Triestman*, in which petitioner could not have raised his actual innocence claim in his initial § 2255 motion). In *Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003), the Second Circuit quoted with approval the following language from an Eighth Circuit decision:

> We believe th[e] argument [that prisoners should be able to file under section 2241 because *Apprendi* claims are not reviewable under section 2255] is flawed because it attributes blame to the wrong source. [Petitioners] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is *Apprendi* itself, not the remedy by § 2255 motion.

*United States ex rel. Perez v. Warden*, 286 F.3d 1059, 1062 (8th Cir. 2002), *cert. denied*, 123 S.Ct. 275 (2002). The Court agrees with Magistrate Judge Sharpe that the record here does not support a finding that section 2255 fails to provide an adequate and effective means to raise petitioner's *Apprendi* claim. Accordingly, this Court lacks jurisdiction

This Court adopts Magistrate Judge Sharpe's conclusion that petitioner's application should be deemed a "first" application for the purpose of habeas jurisdictional requirements since petitioner's previous applications in the District of Massachusetts were not considered filings under 28 U.S.C. § 2255. However, on the basis of case law which has developed in the Second Circuit following issuance of Magistrate Judge Sharpe's Report-Recommendation, the Court must transfer this action to the District of Massachusetts. *See White v. Nash*, 2003 WL 1867923, *2 (2d Cir. 2003) (court must transfer *habeas* application when jurisdiction is lacking even if case lacks merit and ultimate result in transferor court is

pre-ordained). Since the District of Massachusetts has already ruled on the merits of a nearly identical application for habeas relief filed by petitioner subsequent to the filing of the present petition, the outcome here is virtually certain. Nevertheless, the law of this Circuit states that this Court has no jurisdiction to consider petitioner's claim on the merits when transfer is mandated.

Accordingly, the Court agrees with the alternative recommendation of Magistrate Judge Sharpe that the petition be transferred to the District of Massachusetts which ultimately must also consider petitioner's motion for bail and his counsel's application to withdraw. It is therefore

ORDERED that the Report-Recommendation of United States Magistrate Judge Gary L. Sharpe is hereby adopted in part and rejected in part; and it is further

ORDERED that the petition is hereby transferred to the District of Massachusetts.

IT IS SO ORDERED.

December 23, 2003
Syracuse, New York

Hon. Norman A. Mordue
United States District Judge