UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Michael Francis Murray ) | ) |
| Petitioner ) | Notice of Motion to |
| ) | Voluntarily Withdraw as Judge |
| .v. ) | |
| ) | Case No. 04-10064(WGY) |
| WARDEN, FCI RAYBROOK ) | |
| Respondent(s) ) | |

| | |
|---|---|
| Essex County ) | |
| ) | ss |
| New York State ) | |

COMES NOW, Michael Francis Murray, hereinafter, "Petitioner" in the above captioned matter, appearing specially and not generally in propria persona and moves this Court, (Judge, Wiliam G. Young) to voluntarily withdraw as Judge in this matter, for the reasons set forth in the attached "Memorandum In Support."

Petitioner, herein requests that his humble Motion be construed in light of Haines .v. Kerner, 404 U.S. 519, 30 L.Ed. 2d 652, 92 S. Ct. 594 (1972) wherein the Court stated:

> "Pro Se litigants pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,..."

ISSUES

1). Beginning with Judge Young's denial of a "Motion to Recuse" filed in this Court on or about November 20, 1995, by the late Attorney, Daniel J. O'Connell III on behalf of Petitioner.

2). The subsequent conversion of Post Judgment filings by Petitioner in this Court, designed to effectively limit Petitioner's access to a lawful remedy for relief.

3). The failure/refusal of Judge Young to respond to Petitioner's good faith filing on or about May 19th, 2003, of a "Supplemental Administrative Notice and Affidavit for Post Judgment Relief."

4). The failure/refusal of Judge Young to respond to Petitioner's good faith filing on or about January 23, 2004, of a "Private Independent Administrative Process, Redress of Grievance" pursuant to Article I, United States Constitution.

## MEMORANDUM IN SUPPORT

"Silence can only be equated with fraud where there is a legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading." United States .v. Tweel, 550 F.2d 287 United States .v. Prudden, 424 F.2d 1021, 1032 (1970); American National Ins. Co. Ect. .v. Murray, 383 F.2d 81 (5th Cir.1969); United States .v. Scarfanti, 265 F.2d 408 (2nd Cir.1959), cert. denied, 360 U.S. 918, 3 L.Ed. 2d 1534, 79 S.Ct. 1436; cf. Avery .v. Cleary, 132 U.S. 604, 33 L. ed. 2d 469, 10 S.Ct. 220 (1980).

"Disobedience or evasion of a Constitutional mandate may not be tolerated even though such disobedience may, at least temporarily promote in some respect, the best interest of the public." Slote .v. Board of Examiners, 274 N.Y. 367, 9 N.E. 2d 12 112 ALR 660.

The information the Court discovered during the course of its judicial duties can only lead to recusal if the result is to cause the Court to display such a 'high degree of favortism or antagonism as to make fair judgment impossible.' Liteky .v. United States, 510 U.S. 540, 114 S.Ct. 1147, 1157. The issues that Petitioner seeks a voluntary recusal arise not only from the above referenced information, but is also the subject an "extrajudicial source" and are not based upon previous opinions, rulings or incidents arising out of the course of the proceedings in question.

28 U.S.C. § 455(a), "Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

28 U.S.C. § 455(b) "He shall also disqualify himself in the following circumstances,"

28 U.S.C. § 455(b)(3) Where he has served in governmental employment and in such capacity has expressed an opinion concerning the merits of the particular case in controversy.

Yagman .v. Republic Ins., (1991, CD CA1) 136 FRD 652, 2FFD (CA 9 CAL) 987 F.2d 622 "district court judges have a self-enforcing duty to disqualify themselves in any proceedings in which their impartiality might be questioned or when they have personal bias or prejudice concerning a party." 28 U.S.C. § 455.

This Court has had substantial exposure to this case and has voluntarily converted past filings of Petitioners to undermine Petitioner's efforts at seeking a lawful remedy as well attempt to limit Petitioner's access to the Court by its dishonoring of Petitioner's request to hold in abeyance a previously filed application for relief via 28 U.S.C. § 2255. The Supreme Court has recently addressed this practice in its decision of Castro .v. United States, 124 S.Ct. 786 (2003) wherein the Court stated the following; "district court was required to notify defendant prior to recharacterizing motion as motion to vacate, and to provide defendant with certain warnings and an opportunity to withdraw"; "unwarned recharacterization of a defendant's motion to vacate could not count as a motion to vacate regardless of whether defendant appealed recharacterization"; "law of the case doctrine could not bar determination that district court's recharacterization was improper."

These prior exposures and rulings have made available to this Court information which may not be properly presented as evidence in any forthcoming proceeding(s).

Furthermore, it is likely that issues previously decided (tacit procuration) by this Court, such as the Court's dishonoring of Petitioner's good faith filings will be raised again during the course of these proceedings. The interest of justice would seem to require the voluntary withdrawal of this Court as that the reality and appearance of impartiality can be preserved. See generally, In re Beard, 811 F.2d 818 (4th Cir. 1987) "disqualification of judge is required if a reasonable factual basis exists for doubting judge's impartiality."

It is respectfully suggested that this Court should take into consideration the fact that confidence in the impartiality of the judiciary is vital to the continued success of our democratic system. Our court system must not only be fair, it must also appear to be fair. See generally, United States .v. Murphy, 768 F.2d 1518 (7th Cir. 1985) cert. denied, 475 U.S. 1012 "when a question about a judge's impartiality reasonably arises, judge must stand aside in order to preserve public confidence in the courts."

This Motion is timely as no delay or prejudice will result from a voluntary withdrawal, no discovery motions have yet been filed in this matter and there are a number of other judges in this Court available to sit in this proceeding, that have not been exposed to the prejudices revealed through all the previous, Pre-Trial, Trial, and Appellate and Post Judgment efforts of Petitioner to seek a lawful remedy.

Post Judgment Filings

On April 24th, 2003, Petitioner sent a letter to the Clerk of the District Court (a copy of which is attached and incorporated herein by reference) seeking a copy of any outstanding debts in regards to Case No. 91-10305-01-WGY. The Clerk's office responded in less than one (1) week. (a copy of said response is attached and incorporated herein by reference) Upon receipt of this document, Petitioner sent a letter on or about May 7th, 2003, once again to the Clerk's Office seeking a copy of the Oath of Office administered to District Court Judge, William G. Young, the Clerk's Office was non-responsive to this request.

Upon Petitioner's belief that Judge Young has previously sworn an oath to his office pursuant to 28 USC § 453, whereupon he swore (or affirmed) that he would administer justice without respect to persons, and will faithfully and impartially discharge and perform all duties incumbemt upon him under the Constitution and laws of the United States. In addition it is presumed Judge Young swore (or affirmed) an oath to support and defend the Constitution of the United States against all enemies foreign and domestic.

Petitioner is aware that, "... no act of Congress can authorize a violation of the Constitution" Almedia-Sanchez .v. United States, 4 U.S. 266. Also where "all laws which are repugnant to the Constitution ae null and void." Marbury .v. Madison, 5 U.S. 137, 176.

Petitioner, is also cognizant that, "where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them" <u>Miranda .v. Arizona</u>, 384 U.S. 436 (1966).

It is by and through this knowledge that Petitioner filed via Certified Mail on or about May 19th, 2003 a set of documents titled in the following manner to wit:

"SUPPLEMENTAL ADMINISTRATIVE NOTICE and

AFFIDAVIT FOR POST JUDGMENT RELIEF"

These documents were filed in good faith pursuant to the purported "Oath" of office administered to Judge Young. Said documents required a ten (10) day response. Judge Young has been non-responsive to this inquiry to date.

On or about January 3rd, 2004, Petitioner filed via Certified Mail the following documents to wit:

"PRIVATE INDEPENDENT ADMINISTRATIVE PROCESS"

These documents were filed in good faith pursuant to Petitioner's rights under Article I Redress of Grievance under Ninth Amendment Reservations. These documents are private in nature and therefore from a non-judicial source, requiring a timely response from Judge Young. As of this writing, Judge Young has been non-responsive to said inquiries.

CONCLUSION

Petitioner, states that by and through Judge Young's default of Petitioner's "Private Independent Administrative Process" Judge Young may not argue, controvert or otherwise protest the administrative findings entered thereby in any subsequent administrative or judicial proceedings concerning Petitioner.

Petitioner, further states that by and through Judge Young's default, he tacitly agrees with all of Petitioner's claims as Judge Young has failed/refused the opportunity to correct or supplement the record in the matter(s) that were addressed.

Petitioner, states that Judge Young may be requested to provide to Petitioner via a subpoena duces tecum the documents he relies upon that indicate the trial he presided over were conducted in a proper Article III forum or in the alternative provide the documentation that he relied upon to exercise lawful subject matter jurisdiction in any other forum.

Petitioner, states that Judge Young may be requested to provide to Petitioner via a subpoena duces tecum the documentation that he relies upon to fail/refuse to respond to Petitioner's good faith inquiries concerning his Oath of Office and his failure/refusal to respond to an Article I Redress of Grievance.

It is for all of the reasons as set forth within this:

"MEMORANDUM IN SUPPORT"

that Petitioner believes a factual basis has been established upon the record that Judge Young is incapable of sustaining any reasonable degree of impartiality in any of Petitioner's current and/or future filings. Petitioner, respectfully requests that Judge Young voluntarily withdraw from this matter forthwith.

PRAYER AND REMEDY REQUESTED

Petitioner, prays that this Honorable Court grant this Motion forthwith, or in the alternative schedule a hearing whereupon the United States Marshall Service will be Ordered to produce Petitioner at a time set by the Court to give testimony on the record as to his reasons and beliefs for this Motion.

Petitioner, states that all of the facts and statements as made herein are true, correct, certain and complete and are not meant to mislead, further they are made knowing the penalty for bearing false witness.

Dated this _2nd_ day of _February_ A.D.2004.

_____
Michael Francis Murray    sui juris
c/o P.O.B. 9004
Ray Brook, New York [12977]

CERTIFICATE OF SERVICE

I, Michael Francis Murray, do hereby attest and affirm that I caused a true and correct copy of the attached "Notice of Motion" and Memorandum in Support to be mailed via first class United States Mail in a sealed envelope with pre paid postage and addressed in the following manner to wit:

Office of the U.S.Attorney<br>One Courthouse Way<br>Boston, Massachusetts 02210

These documents were mailed from the Institutional Mail Box at the Federal Correctional Institution at Ray Brook, New York on this _____ day of _____ A.D.2004.

The above facts and statements are true, correct, certain and complete and are not meant to mislead, further they are made knowing the penalty for bearing false witness.

_____
Michael Francis Murray  sui juris